# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THOMAS GARY HUBBS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-17-606-D |
| | ) |
| JEREMY WADE, et al., | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Thomas Gary Hubbs, Jr., appearing *pro se* and *in forma pauperis*, brings this action under 42 U.S.C. § 1983 and 18 U.S.C. § 241 alleging various violations. (ECF No. 1). At issue is a Motion to Transfer Venue filed by the Defendants in this action. **(ECF No. 20)**. The Court should: (1) dismiss Plaintiff's claim for injunctive relief and (2) transfer the action to the United States District Court for the Eastern District of Oklahoma.

## I. PLAINTIFF'S CLAIMS AND RELIEF SOUGHT

On July 13, 2015, Plaintiff was arrested in Henryetta, Oklahoma. (ECF No. 1:10-13). During the arrest, Plaintiff alleges that Henryetta, Oklahoma police officer Joey Cantrell "tasered" Mr. Hubbs, handcuffed him, and "while in handcuffs . . . continued to taser [him] and beat [him] up until backup arived [sic]." (ECF No. 1:11). Henryetta, Oklahoma police officials Brandon England and Jeremy Wade arrived as "backup." (ECF No. 1:12) According to Plaintiff, Officer England stomped on Plaintiff's head, neck, and back while Officer Cantrell continued to taser Mr. Hubbs. (ECF No. 1:10-11). During the alleged assault, Plaintiff states that Officer England told Officer Cantrell to turn off his body camera. (ECF No. 1:10). Plaintiff also alleges that Defendants Norman and Wade

"witnessed the assault . . . and niether [sic] did they try to stop it or report it." (ECF No. 1:12).

Mr. Hubbs is suing all four Defendants in their official and individual capacities under theories involving conspiracy, excessive force, attempted murder, assault and the Eighth Amendment. (ECF No. 1:4-5, 7, 10-13). Plaintiff seeks monetary damages and injunctive relief. (ECF No. 1:8).

## II. PLAINTIFF'S CLAIMS FOR INJUNCTIVE RELIEF

Mr. Hubbs requests injunctive relief in the form of asking the Court to "press criminal charges on the defendants." (ECF No. 1:8). "The decision to file criminal charges is a quintessential prosecutorial function[.]" *Blazier v. Larson*, 443 F. App'x 334, 336 (10th Cir. 2011). The district court has no power to order criminal charges to be brought against the Defendants even if such charges were warranted. Accordingly, the Court should dismiss Plaintiff's claims for injunctive relief, with prejudice.

## III. THE PROPRIETY OF VENUE IN THE WESTERN DISTRICT OF OKLAHOMA

### A. Statutory Basis for Venue

The applicable venue statute provides:

> A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). The Court should conclude that venue is proper under § 1391(b)(1) or (2), but not in the Western District of Oklahoma.

**B. Consideration of Venue Under § 1391(b)(1)**

Defendants argue that venue in the Western District of Oklahoma cannot be based on 28 U.S.C. § 1391(b)(1) because none of them reside in this judicial district. (ECF No. 21:4). Indeed, Plaintiff apparently agrees, as in his Complaint, he stated that all four Defendants resided in Henryetta, Oklahoma, which lies in the Eastern District of Oklahoma.[1] (ECF No. 1:4-5).

**C. Consideration of Venue Under § 1391(b)(2)**

Next Defendants argue that under 28 U.S.C. § 1391(b)(2), venue is proper in the Eastern District of Oklahoma because the events which gave rise to Plaintiff's Complaint occurred there. (ECF No. 21:4). Indeed, Plaintiff also apparently concedes this point. *See* ECF No. 1:10-14 (describing the events which form the basis of his Complaint as occurring in Henryetta, Oklahoma).

**D. Consideration of Venue Under § 1391(b)(3)**

Venue is only proper under 28 U.S.C. § 1391(b)(3) if "there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b)(3). Legal commentaries make clear that this phrase is a condition precedent for venue under this clause. *See* 28 U.S.C.A. § 1391(a)(3), commentary at 11 (West 1993) ("[P]laintiff can turn to clause (3) only if there is no district that will satisfy as proper venue under clause (1) or clause (2)."). As discussed, Mr. Hubbs' allegations indicate that venue would be proper under § 1391(b)(1) or (2), in the Eastern District of Oklahoma, where all four Defendants reside and where

---

[1] Henryetta, Oklahoma is in Okmulgee County, which lies in the Eastern District of Oklahoma. *See* 28 U.S.C. § 116(b).

3

a substantial part of the events giving rise to his Complaint allegedly occurred. Accordingly, venue is not proper in this Court under 28 U.S.C. § 1391(a)(3).

IV.     **TRANSFER APPROPRIATE UNDER 28 U.S.C. § 1404(a)**

Defendants also argue that transfer would be appropriate to the Eastern District of Oklahoma because that forum would be more convenient for the parties and witnesses. (ECF No. 21:5). The Court agrees, because that district has significantly greater ties to the events underlying Plaintiff's claims and the persons allegedly responsible for, or having knowledge about, those events. *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.").

V.      **RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

The plaintiff bears the burden of proving proper venue. *See Pierce v. Shorty Small's of Branson,* 137 F.3d 1190, 1192 (10th Cir. 1998). Mr. Hubbs has not responded to the Motion to Transfer or otherwise argued why venue is improper in this Court. Accordingly, the Court should **DISMISS** the claims for injunctive relief, with prejudice, against all four Defendants, **GRANT** the Defendants' Motion to Transfer **(ECF No. 20)** for lack of venue, and transfer this action to the United States District Court for the Eastern District of Oklahoma for all further proceedings.

The parties are hereby advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by **December 8, 2017.** *See* 28 U.S.C. § 636(b)(1); and Fed. R. Civ. P.

72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## VI. STATUS OF THE REFERRAL

This Report and Recommendation disposes of all issues currently referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED on November 21, 2017.

*/s/ Shon T. Erwin*
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE